UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLES HEARNE** | **CIVIL ACTION NO. 5:14CV3185** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **KANSAS CITY SOUTHERN RAILWAY CO.** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Clarification and Modification of the Memorandum Order on the Motion to Compel, [doc. # 29], filed by Defendant Kansas City Southern Railway Co. ("KCS"). Plaintiff, Charles Hearne, opposes the Motion. [doc. # 43]. Defendant filed a reply memorandum in support of its motion. [doc. # 46]. For the reasons set forth below, the Motion is **DENIED**.[1]

## Background

On August 18, 2015, Defendant filed the instant motion for clarification and modification [Doc.# 29] of this Court's order dated July 28, 2015 [Doc.# 25] that granted in part Plaintiff's earlier filed motion to compel [doc. # 17]. The motion to compel sought information in the Third and Fourth Request for Production concerning "fall protection" in and around the "roundhouse." [docs. # 17-8, 17-9]. Defendant argued that the incident did not occur in the roadhouse, and therefore the requests were not relevant. [doc. # 21]. Plaintiff disagreed and stated the incident did occur at the roundhouse. [doc. # 17-3]. As the Court noted in the order granting the motion to compel in part, "[a]t this juncture, however, the veracity of Plaintiff's claims is immaterial . . . .

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with, the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

The Court need only find that documents concerning the 'roundhouse' or 'roundhouse area' are possibly relevant to Plaintiff's claims." [doc. # 25, p. 8]. The Court also noted that the information was possibly relevant to Defendant's defense. *Id.* at 8-9. Defendant claims that Plaintiff's allegations of OSHA violations are frivolous, because the area in which the accident occurred is not covered by OSHA. [doc. # 21, p. 10]. Since Plaintiff argued that the track in question was part of the roundhouse, the Court found the documents possibly relevant. [doc. # 25, p. 9]. On July 28, 2015, the Court ordered Defendant to produce the requested information within 21 days. *Id.* at 10.

Defendant alleges that he has complied with the Court's July 28th order, except for the Third and Fourth sets of Requests for Production. [doc. # 29-1, p. 2]. Defendant maintains that because there is no limitation in the temporal scope of the requests, they are unable to comply with the Court order. *Id.* Defendant urges this court to limit the scope of the requests to six months prior to Plaintiff's alleged incident. [doc. # 46, p. 9]. Plaintiff has since propounded a Sixth set of Requests for Production, seeking the same requested material as the Third and Fourth sets of Requests for Production. [doc. # 29-2]. Defendant now moves this Court for clarification and modification of the memorandum order of the court on the motion to compel. [doc. # 29].

## Law and Analysis

### I. Standard of Review

Plaintiff asserts that this motion should be considered a motion for reconsideration under Federal Rule of Civil Procedure 59(e). However Defendant contends that Rule 54(b) applies and not Rule 59(e), because this is an interlocutory appeal. The Court agrees with both parties in part. As addressed below, the motion for modification and clarification of the Court's order is

essentially a motion for reconsideration.

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all of the claims among all the parties "may be revised at any time" before the entry of a final judgment. FED. R. CIV. P. 54(b). As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Although the district court's discretion in this regard is broad, *see Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993), it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See, e.g.*, 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (2d ed. 2002).

A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See e.g., Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1424398, at *3-4 (E. D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."); *In re Katrina Canal Breaches*, 2009 WL 1046016, at * 2 (E.D. La. Apr. 16, 2009); *Leong v. Cellco P'ship*, 2013 WL 4009320, at *3 (W.D. La. July 31, 2013). Although there may be circumstances in which a different standard would be appropriate, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003), the present motion does not present them.

The proper inquiry is whether the moving party has "clearly establish[ed] either a manifest error of law or fact or . . . present[ed] newly discovered evidence." *Ross v. Marshall*,

3

426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Yet, the court is free to reconsider its ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990).

> In deciding motions under Rule 59(e), courts in this district have considered four factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law.

*Faye v. Lytal Marine Operators, Inc.*, 2000 WL 19474 at *1 (E.D. La. Jan. 11, 2000) (citing *Burma Navigation Corp. v. Seahorse*, 1998 WL 781587 at *1 (E.D. La. Nov. 3, 1998)). The Court is mindful that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

II.   **Motion for Clarification and Modification (Reconsideration)**

As noted above, this Court granted Plaintiff's motion to compel the Third and Fourth sets of Request for Production. Defendant now argues that the limitless temporal scope of the request for production is too broad. However, the Defendant had an opportunity to make a temporal scope objection in the opposition to the motion to compel, but did not. *See* [doc. # 21].

Defendant has failed to meet any of the factors in deciding motions under Rule 59(e).

Defendant has not demonstrated that this Court has committed a manifest error of law or fact and has not presented any new evidence to the Court. Neither has there been an intervening change in the law nor evidence of any manifest injustice.

### Conclusion

FOR THE REASONS STATED ABOVE, IT IS HEREBY ORDERED that Kansas City Southern Railway Company's Motion for Clarification and Modification of the Memorandum Order on the Motion to Compel [Doc. # 29] is DENIED.

In Chambers, Monroe, Louisiana, this day of September 28, 2015.

                                                        KAREN L. HAYES
                                                        UNITED STATES MAGISTRATE JUDGE