UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLES HEARNE** | **CIVIL ACTION NO. 5:14-CV3185** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **KANSAS CITY SOUTHERN RAILWAY CO.** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel, [doc. # 28], filed by Plaintiff Charles Hearne. The motion is unopposed. For the reasons set forth below, the Motion is **GRANTED**.[1]

**Background**

Plaintiff filed the instant the motion to compel depositions on August 18, 2015. Plaintiff claims that Defendant has not produced employees David Diem, Eric Davidson and Bryan Cassels for depositions, despite agreeing to do so, after consultation regarding mutually available dates for the attorneys and the deponents, and despite having properly noticed and served the depositions and subpoenas duces tecum. [doc. # 28-1].

**Law and Analysis**

A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). FED. R. CIV. P. 30(a)(1). A party who wishes to depose a person by oral questions must give reasonable written notice to every other party. FED. R. CIV. P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name

---

[1] As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

and address. *Id.* A court may order sanctions if a party or its representative fails to appear for a deposition, even in the absence of a prior court order. FED. R. CIV. P. 37(d)(1)(A)(i). Rule 37 mandates that upon filing a motion to compel, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37(a)(1). Further, Rule 37 provides for attorneys fees on the adverse party if the motion is granted, but "must not order this payment if . . . the opposing party's nondisclosure was substantially justified or other circumstances make award of expenses unjust." *Id.* at 37(a)(5)(A). Further, in a situation where a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Id.* at 37(a)(5)(C).

## Analysis

a) Motion to Compel

On June 30, 2015, Plaintiff began contacting Defendant to schedule dates for depositions of Defendant's employees, David Diem, Eric Davidson, and Bryan Cassels. [doc. # 28-2]. Plaintiff continued to request dates for depositions of Defendant's employees on July 7, July 9 and July 10. [ docs. # 28-3, # 28-4]. The parties held a 37.1 conference on July 13, 2015, where Defendant's failure to provide deposition dates for employees was discussed. [doc. # 28-3]. Both parties agreed to schedule the depositions for August 17, 2015. [doc. # 28-1, p. 2]. On July 13, 2015, Plaintiff served Defendant with Plaintiff's Notice of Videotaped Deposition with Subpoena Duces Tecum. [doc. #s 28, p. 2, 28-5]. The notice indicated that the named employees were to appear for depositions at Defendant's attorney's offices on August 17, 2015. [doc. # 28-5]. On July 22, 2015, Defendant requested, and Plaintiff agreed, to reschedule the depositions to August 19, 2015. [doc. # 28-1, p. 2]. On August 10, 2015, Defendant informed Plaintiff that

employees David Diem, Eric Davidson, and Bryan Cassels would not be available for the August 19 depositions. Plaintiff has since been unable to reset the depositions, and now asks that the Court to compel Plaintiff to produce the employees for their depositions.

Here, not only were the depositions set with the consent of opposing counsel, Plaintiff gave reasonable written notice, and subpoenaed the witnesses. Plaintiff also agreed to move the depositions if Defendant would provide specific alternative dates for the depositions, which Defendant failed to do. Therefore, the Court will grant Plaintiff's Motion and order Defendant to produce employees for their depositions at a mutually convenient date, time and place, within 14 days of the date of this order, unless otherwise agreed by the Parties.

b) Fees, Costs, and/or Expenses

The court generally must award reasonable expenses to the prevailing party on a motion to compel. FED. R. CIV. P. 37(a)(5)(A). The rule authorizes exceptions, however, for nondisclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id.* Plaintiff included a certification that he in good faith conferred with Defendant in order to produce the employees for their depositions without court action. [doc. # 28-1; p. 4]. Defendant failed to oppose the motion, or otherwise explain or justify its actions. While the Court notes that no attorney's fees were requested by Plaintiff, the assessment of costs, expenses, and fees are warranted in this instance.

## Conclusion

For the above-assigned reasons,

Upon consideration, **IT IS ORDERED** that Plaintiff's Motion, [doc. # 28], is **GRANTED**. Within **fourteen (14) days** from the date of this Order, Defendant shall produce employees David Diem, Eric Davidson, and Bryan Cassels for depositions. Defendant is

cautioned that failure to comply with this Order in a timely fashion, without good cause, will lead to the imposition of sanctions. Attorney's fees associated with the motion to compel is **GRANTED, and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant pay attorney's fees in the amount of $500 to Plaintiff, **with proof of payment filed in the record of these proceedings within 15 days of the date of this order**.

In Chambers, Monroe, Louisiana, this 29th day of September, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE